UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DASHAUN JAMIL JACKSON,

    Plaintiff,

v.

JUDGE WILLIAM DANIELS et al.,

    Defendants.

Civil No. 18-17485 (KM) (JBC)

**MEMORANDUM OPINION**

## I. INTRODUCTION

Plaintiff, Dashaun Jamil Jackson, is presently detained at the Union County Jail in Elizabeth New Jersey. He commenced this action pro se[1] by filing a civil rights complaint, under 42 U.S.C. § 1983, on December 21, 2018, at which time he paid the requisite filing fee in full. (DE 1.) The Court now undertakes an initial screening of the complaint under 28 U.S.C. § 1915A.

---

[1] It appears that Mr. Jackson's mother, Sonya Jackson Bey, took an active role in drafting and submitting his Complaint, and she additionally signed the "For Attorneys" section of the complaint as Mr. Jackson's "next friend." Next-friend standing to litigate a claim on another's behalf has traditionally (and statutorily) been permitted when a "next friend" files a habeas claim on behalf of a detained person who is incompetent or otherwise unable to bring the claim on his or her own. *See Whitmore v. Arkansas*, 495 U.S. 149, 161–64 (1990). The Supreme Court has held that, while the common law of some states may recognize next-friend standing in other contexts, "the scope of any federal doctrine of 'next friend' standing is no broader than what is permitted by the habeas corpus statute." *Id.* at 164–65. Furthermore, establishing next-friend standing requires the next friend to show "that the real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to the court, or other similar disability." *Id.* at 165. Ms. Bey has made no such showing in this case and, in any event, this is not a habeas proceeding, but a civil rights action under 42 U.S.C. § 1983, in which no next-friend standing has been recognized or statutorily authorized. *See id.* Ms. Bey should note that, "[a]lthough an individual may represent herself or himself pro se, a non-attorney may not represent other parties in federal court." *Murray ex rel. Purnell v. City of Philadelphia*, 901 F.3d 169, 170–71 (3d Cir. 2018).

## II. ALLEGATIONS

Mr. Jackson lists as defendants Judge William Daniels of the New Jersey Superior Court, Union County, and Michael A. Monahan, the acting prosecutor of Union County. He makes clear that he is alleging a violation of his right to counsel under the Sixth Amendment, though the circumstances of the alleged violation are not clear from the complaint. The facts section of the form complaint reads, in full,

> My son on 11/13/2018 was told by Judge Daniels that he must have an attorney, and that he claimed that he didnt received his affidavit that was mailed certified and received by him on 10/16/2018. Stating that my son was representing himself in propria persona (natural person) and claiming his common law rights. Salina Burton (10/01/2018& 11/13/2018 and Sonya Jackson Bey (11/13/2018) was in the courtroom and saw and heard eveything that happened. Also the court transcripts is evidence. Please see attachment in detail.

(DE 1 ¶ IV.D).[2] The Court's copy of the complaint has no attachment. Mr. Jackson seeks as relief $100,000 from each defendant, as well as $5000 per day since June 27, 2018. It seems that he also seeks the dismissal and expungement of all charges against him and his immediate release from the Union County Jail.

## III. LEGAL STANDARDS

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801–810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review prisoner complaints when the prisoner seeks redress against a governmental employee or entity. 28 U.S.C. § 1915A. Under the PLRA, the term prisoner applies to "any person incarcerated or detained in any facility who is

---

[2] For clarity, I have revised the capitalization, but have not changed the wording of the quoted portion of the complaint. Although it is phrased in terms of "my son," I will set aside any procedural irregularity (*see* n.1), and regard the allegations as having been asserted by Mr. Jackson himself.

2

accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c). The PLRA directs district courts to sua sponte dismiss prisoner claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *See id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). Under Federal Rule of Civil Procedure 8, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has explained that, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Pro se pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Glunk v. Noone*, 689 F. App'x 137, 139 (3d Cir. 2017). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

3

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. That section provides,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

The Sixth Amendment of the United States Constitution guarantee s that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. Included within the Sixth Amendment is the right of a defendant who does not need appointed counsel to be represented by counsel of the defendant's choice. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006); *see also Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624–25 (1989) ("[T]he Sixth Amendment guarantees a defendant the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire, or who is wiling to represent the defendant even though he is without funds.").

4

The right to counsel also includes the right of a defendant to represent himself or herself.[3] *See Faretta v. California*, 422 U.S. 806, 816–32 (1975). This right does not extend, however, to representation by non-attorneys. *See* n.1, *supra*; *see also United States v. Wilhelm*, 570 F.2d 461, 465 (3d Cir. 1978) (collecting cases); *Nat'l Police Officers Solidarity Coal. v. O'Connor*, No. 13-934, 2013 WL 1066848, at *2–*3 (D.N.J. Mar. 13, 2013).

## IV. ANALYSIS

Mr. Jackson's claims against Judge Daniels must be dismissed on grounds of judicial immunity. A judicial officer has absolute immunity from suit based on the performance of his or her duties. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *see also Kwasnik v. LeBlon*, 228 F. App'x 238, 243 (3d Cir. 2007). Additionally, § 1983 itself explicitly bars the granting of injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity." 42 U.S.C. § 1983. Such immunity cannot be overcome by allegations of bad faith or malice. *See id.* There are only two exceptions to absolute judicial immunity: for non-judicial actions, not taken in the judge's official capacity, or for actions that, while judicial in nature, were taken in a complete absence of jurisdiction. *See id.* at 11–12. Determining whether an act is judicial entails examining whether the act was of a type generally performed by a judge and whether the parties were interacting with the judge in his or her official capacity. *See Stump v. Sparkman*, 435 U.S. 349, 362 (1978); *Gallas v. Sup. Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000).

Mr. Jackson alleges that, during a "special appearance" on November 13, 2018, Judge Daniels told Mr. Jackson "that he must have an attorney" and claimed not to have received an affidavit sent by Mr. Jackson. (DE 1 ¶ IV.D (capitalization altered).) These acts, which apparently occurred during a court hearing concerning a criminal case against Mr. Jackson, are

---

[3] The right of self-representation in federal courts is also guaranteed by statute. 28 U.S.C. § 1654.

5

clearly judicial in nature. There is no indication that Judge Daniels took these acts "in a complete absence of jurisdiction." *See Mireles*, 502 U.S. at 11–12. Accordingly, Mr. Jackson's claims against Judge Daniels will be dismissed with prejudice.

Furthermore, the complaint is insufficient to plead a facially plausible claim against defendant Monahan. The only mention of Monahan in the complaint is the assertion that he "conspire to deny my son his constitutional rights, namely his 6th Amendment, face his accuser and denying his choice of counsel." (DE 1 ¶ II.D (capitalization altered).) These are exactly the sorts of "labels and conclusions," without any factual allegations at all, rejected as insufficient by the Supreme Court in *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 555, discussed above. Accordingly, Mr. Jackson's claims against Monahan will be dismissed without prejudice for failure to state a claim.

## V. CONCLUSION

For the foregoing reasons, I find, upon screening under 28 U.S.C. § 1915A, that Mr. Jackson's claims against Judge Daniels are barred by judicial immunity and that Mr. Jackson fails to plead any claim against Monahan. Accordingly, the claims against Judge Daniels are dismissed with prejudice, and the remainder of the complaint is dismissed without prejudice. An appropriate order follows.

DATED: March 27, 2019

KEVIN MCNULTY
United States District Judge